Citation Nr: 1532767 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-21 286 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a low back disability to include as secondary to a service-connected disability.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Purdum, Counsel

INTRODUCTION

The Veteran served on active duty from January 1968 to January 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that, in pertinent part, denied on the merits the Veteran's previously denied claim of entitlement to a low back disability.

In April 2014, the Veteran testified before the undersigned Veterans Law Judge, seated at the RO. A transcript of the hearing has been associated with the claims file. 

In January 2015, the Board, in pertinent part, reopened the Veteran's previously denied claim and remanded the issue for additional development. The file has now been returned to the Board for further consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The most recent VA treatment records associated with the claims file are dated in June 2012. On remand, the AOJ should obtain and associate with the claims file the Veteran's updated VA treatment records. In this regard, it is unclear to the Board if the Veteran is in receipt of disability benefits from the Social Security Administration (SSA). During VA treatment in April 2003, he reported his income to include both VA and SSA disability benefits. On remand, the AOJ should seek clarification from the Veteran as to whether he is in receipt of such benefits from SSA, and if so, whether such are based on any disability of the low back, left lower extremity, or prostate cancer.

During his April 2014 Board hearing, the Veteran described his in-service experience jumping from hovering helicopters that could not land, laden with heavy equipment, on numerous occasions. He reported that during VA post-service treatment, evidence of an old fracture was found and he thought that such must have been from his in-service jumping from helicopters. He denied in-service treatment for any back pain. He asserted that after his in-service surgical repair of a gunshot wound, left lower extremity, he developed an infection in the area where clamps were placed, particularly, the back of the leg. He asserted that difficulty with the larger size of one leg resultant to the gunshot wound, left lower extremity, and pain impacted his gait and "hurt" his back. He reported that a VA physician, five or six years prior, told him that his low back disability was probably related to his in-service jumping from helicopters. He reported that he self-treated his recurrent low back pain until seeking VA treatment a number of years after service, and he described his significant post-service treatment history.

On VA examination in April 2010, the examiner diagnosed the Veteran with degenerative joint disease of the lumbar spine and opined that such was more likely than not unrelated to the gunshot wound in his left leg. The Board, in its January 2015 Remand, noted, however, that the examiner did not address the possible effects of the Veteran's repeated and frequent jumps from hovering helicopters while carrying heavy equipment. Further, the Board noted that while the examiner reasoned that the Veteran's low back disability was not related to his gunshot wound residuals, left lower extremity, as radiographically, he demonstrated severe degenerative changes that would not be attributable to such; he did not opine as to whether such was aggravated by the Veteran's gunshot wound residuals, left lower extremity, to include any gait disturbance or limp. The Board found the April 2010 VA opinion inadequate and directed the AOJ to obtain a sufficient etiological opinion.

On VA examination in April 2015, the examiner diagnosed the Veteran with degenerative disc disease and arthritis of the thoracolumbar spine and opined that such was not at least as likely as not incurred in service. He reasoned that there was no evidence of any connection and there was no clearly documented continuum of care from service until 2000. He also opined that the Veteran's low back disability was not at least as likely as not proximately due to, or the result of, his gunshot wound residuals, left lower extremity, and reasoned that there was no evidence of any connection and that there was no clearly abnormal gait from the gunshot wound that could have placed undue strain on the back. He further opined that it was not at least as likely as not that the Veteran's low back disability was aggravated by his gunshot wound residuals, left lower extremity, and reasoned that there was no additional severe injury in service that could have permanently worsened the condition beyond its natural progression and that the natural progression is often worsening over the years due to the stress of normal physical daily activities.

The April 2015 VA opinions are inadequate. First, the examiner rendered a negative opinion as to direct service connection on the basis that there was no clearly documented continuum of care from service until 2000. However, such is not required for direct service connection and the examiner was specifically asked to consider the Veteran's lay statements as to low back pain during and after service and in-service repeated and frequent jumps from hovering helicopters while carrying heavy equipment. Second, the examiner rendered a negative opinion as to secondary service connection on the basis that there was no clearly abnormal gait from the gunshot wound that could have placed undue strain on the back. However, such is not borne by the record. While on VA examinations in April 2010 and April 2015, the examiners did not find an abnormal gait, in a June 1989 statement, the Veteran asserted that he had developed a limp due to his gunshot wound residuals, left lower extremity. On VA examination in February 1992, the Veteran presented with a minimal limp, on the left, and in April 2004, during VA treatment, his gait was described as slightly antalgic. Third, the examiner also rendered a negative opinion as to secondary service connection on the basis that there was no additional severe injury in service. However, there need not be record of an in-service injury in secondary service-connected claims. On remand, the AOJ should attempt again to obtain a sufficient VA etiological opinion. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the Veteran's claims file his VA treatment records maintained by the VA Medical Center (VAMC) in Chicago, Illinois, dated from June 2012 to the present. Any and all responses, including negative responses, must be properly documented in the claims file. If no such records are available or do not exist or the search for them yields negative results and it is determined that further attempts to obtain these records would be futile, then this should be clearly documented in the claims file and the Veteran appropriately notified. 

2. Contact the Veteran and seek clarification as to whether he is in receipt of SSA disability benefits, and if so, whether such are based on his low back disability, gunshot wound residuals, left lower extremity, or prostate cancer. If a positive response is received, obtain and associate with the claims file all relevant records related to his claim for disability benefits from the SSA, to include any treatment records or evaluations upon which SSA based its decision. Any and all responses, including negative responses, must be properly documented in the claims file. If no such records are available or do not exist or the search for them yields negative results and it is determined that further attempts to obtain these records would be futile, then this should be clearly documented in the claims file and the Veteran appropriately notified. 

3. Forward the claims file to a suitable examiner other than the examiner who submitted the April 2015 VA opinions if possible. If the examiner determines that a new physical examination of the Veteran is necessary, so schedule the Veteran. 

(a) The examiner should opine as to whether it is at least as likely as not (at least a 50 percent probability) that the Veteran's low back disability was incurred in service, or is otherwise related to service or dates back to service, specifically including consideration of the Veteran's service in Vietnam where he routinely jumped from hovering helicopters while carrying heavy equipment, radiographical evidence of any old fractures, and his lay statements as to in-service and post-service low back pain.

(b) The examiner should opine as to whether it is at least as likely as not that the Veteran's low back disability is proximately due to, or the result of, his service-connected gunshot wound residuals, left lower extremity, or his service-connected prostate cancer and the treatment required for the same, specifically including consideration of: (1) his in-service surgical treatment for a gunshot wound to the left lower extremity, to include spinal anesthesia and infection in the clamps to the back of the leg; (2) his lay statements as to his leg size difference, limp, and gait difficulties, as well as his documented clinical findings of a limp and antalgic gait; (3) stress on his back that may have already occurred prior to the gunshot wound to the left lower extremity from routinely jumping from hovering helicopters while carrying heavy equipment.

(c) The examiner should then, as a clear and separate response, indicate whether it is at least as likely as not that the Veteran's low back disability has been aggravated (made permanently worse beyond the natural progression of the disease) by his service-connected gunshot wound residuals, left lower extremity or his service-connected prostate cancer and the treatment required for the same, specifically including consideration of: (1) his in-service surgical treatment for a gunshot wound to the left lower extremity, to include spinal anesthesia and infection in the clamps to the back of the leg; (2) his lay statements as to his leg size difference, limp, and gait difficulties, as well as his documented clinical findings of a limp and antalgic gait; (3) stress on his back that may have already occurred prior to the gunshot wound to the left lower extremity from routinely jumping from hovering helicopters while carrying heavy equipment.

The examiner must remain mindful that the Veteran is competent to report experiencing relevant symptoms while in service, or continually since, because these symptoms require only his personal knowledge, not medical expertise. 

The claims file, to include a copy of this Remand, should be made available to the examiner for review in conjunction with the opinion and/or examination, and the examiner should note such review. A complete rationale should be provided for all opinions given. The opinions should be based on examination findings, historical records, and medical principles. If the requested opinions cannot be provided without resorting to mere speculation, the examiner should so state but, more importantly, explain why an opinion cannot be provided without resorting to speculation, as merely stating this will not suffice.

4. After the above development is completed, and any other development that may be warranted based on any additional information or evidence received, readjudicate the claim. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case (SSOC) and afforded a reasonable opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).